The opinion of the Court was delivered by
Glover, J.
The finding of the jury in this case, can be supported only on one of two grounds: 1st. That the defendant was not a stockholder'; or 2d. If a stockholder, he was deceived by the representations of Dr. Garey respecting his right of forfeiture under the terms of the charter.
The proof of subscription, or rather the evidence which fastened upon the defendant the character of a stockholder and made him liable in that character, was the proxy which he, with others, had signed as “stockholders,” designating the number of shares opposite their names respectively. The original books of subscription would have furnished higher evidence; yet the presiding Judge, under the proof furnished by the proxy, very properly refused the motion for a non-suit.
But the evidence for the defence, added to the prima facie evidence which the execution of a proxy furnished, removes all doubt respecting the liabilities of the defendant as a stockholder. The payment of the first instalment, coupled with the execution of the proxy by which his stock was represented in all the meetings of the company, would have authorized the jury to find for *94 the plaintiffs : and, unless the force of this evidence be rebutted by the deception which is said to have been perpetrated by Dr. Garey, the verdict cannot be supported.
Dr. Garey, like others (including the defendant) manifested a deep interest and solicitude, that the line of road should be located on the west of the Saluda River, and he believed and asserted, that after the payment of the first instalment on the stock subscribed, the residue of the instalments might be forfeited, provided the road should not be located according to the wishes of the subscribers.
The following are the words of the charter conferring a right on stockholders to withdraw after subscription : — “and after selection of the route, any stockholder who may be dissatisfied with the route selected, shall have the right to withdraw his subscription,” &c. 11 provided such stockholder shall have designated, at the time of subscribing, the route which he desires to be selected for the location of the road.” (11 Stat. 409.)
There was no evidence, on the trial, that the defendant, at the time of subscribing, made such designation of a route and thereby brought himself within this provision of the charter.
Dr. Garey was not a cofnmissioner, nor' was he the agent of the Greenville and Columbia Railroad Company, nor could he by his acts or opinions, or by his representations, bind the plaintiffs.
The charter provides the only way by which the defendant could have withdrawn, and it cannot avail him, that relying on Dr. Garey’s interpretation of an Act of the General Assembly, he was deceived, and, therefore, not liable for the payment of the remaining instalments due on his stock.
Dr. Garey honestly entertained and confidently expressed an opinion which, it seems, was held by others more skilled in the law, and it does not appear that any fraudulent means were used to deceive the defendant.
The defendant was induced to subscribe and aid in this enterprize with the design and hope that the road would be located on the west of the Saluda, and if his local interests and feelings had been consulted, he would have recognized his contract. *95 That he was deceived in the construction put on the charter by others or by himself, places his defence on a mistake of law, which, without proof of fraud practised by the company or by their authorized agent, cannot avail him. If relief may be granted on the bare allegation and proof of' a mistake or ignorance of law, it would lead to endless litigation, and might require the judgment of the highest tribunals before a contract would be obligatory.
Enterprizes of such magnitude and which require the use and employment of such large sums of money would not only be delayed but defeated, if, under the pretext of a misapprehension of the provisions of the charter of incorporation, subscribers to the stock should be permitted to withhold the payment of their instalments. The public as well as the other stockholders, who have invested their money, have rights and interests which should be protected, and which would, otherwise, be sacrificed.
The defendant must, therefore, be held bound by his contract with the company. The declarations and opinions-of Dr. Garey do not release him from the obligations which he has incurred to the company, with his co-stockholders.
It is not perceived that these views conflict with the case of the Charlotte and South-Carolina Railroad Company vs. Blakely. (3 Strob. 246.) In that case, there had been no organization of the company under the charter; nor had Blakely made any payment on the stock for which, it was alleged, he had subscribed; nor had he executed any proxy and thereby recognized his connexion with the corporation as a stockholder. The paper which he had signed was very properly regarded only as an agreement, made with unauthorized persons, to take slock, without having complied with any of the formalities required by the charter, and without the performance by Blakely of any act which could make him liable as a stockholder.
The motion for a new trial is therefore granted.
Wardlaw, and Frost, JJ., concurred.
O’Neall and Whitner, JJ.
the President and a Director of the Company — did not hear the case and gave no opinion.

Motion granted.